HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOCALS 302 AND 612, *et al.*,

    Plaintiffs,

    v.

BIANCHI LLC,

    Defendant.

CASE NO. C18-01149-RAJ

ORDER

This matter comes before the court on Plaintiffs' Motion and Affidavit for Default Judgment. Dkt. # 10. The Court **GRANTS** the motion and directs the clerk to enter default judgment as directed at the conclusion of this order.

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

ORDER – 1

Plaintiffs are unincorporated associations operating as Trust Funds pursuant to Section 302 of the Labor Management Relations Act of 1947 to provide medical, retirement, and training benefits to eligible participants. Defendant is bound to a collective bargaining agreement with Locals 302 and 612 of the International Union of Operating Engineers (hereinafter, "Locals"), under which Defendant is required to promptly and fully report for and pay monthly contributions to Plaintiffs at varying, specified rates for work done by employees who are represented by the Locals. Dkt. # 11-1 at 2-3, 71-72. The evidence establishes that Defendant is liable for failure to pay contributions and dues owed to Plaintiffs for the period April 2018 through September 2018. Dkt. # 11, ¶¶ 16-18; Dkt. # 11-1 at 190-198. Specifically, Defendant failed to pay contributions in the amount of $149,142.50; failed to pay dues in the amount of $8,968.25; and failed to pay interest in the amount of $3,474.89. Dkt. # 11-1 at 198. The trust contribution terms, to which Defendant consented, also entitles Plaintiffs to liquidated damages of 12% of the liability, or $17,897.10 in this case.

In addition, Plaintiffs request attorney fees and costs. Although the hourly fees of non-attorneys are included in the request, Plaintiffs have established that its counsel does not incorporate non-attorney work into his hourly rate and has established that counsel actually bills Plaintiffs for the work of non-attorneys. Dkt. # 10, ¶¶ 15-16; Dkt. # 10-1 at 6. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the court awards the hourly fees of both Plaintiffs' counsel and counsel's hourly-billing support staff. The Court finds that Plaintiffs' evidence supports an attorney's fee award of $555 and costs of $509.50.

The clerk shall enter default judgment in accordance with this order.

Dated this 17th day of May, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2